UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | Case No. 07-MJ-306 |
| v. ) | |
| TINA HOWE, ) | DETENTION ORDER |
| Defendant. ) | |

Offense charged:

Possession of MDMA With Intent to Distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

Date of Detention Hearing: June 28, 2007.

The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds the following:

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) Pursuant to 18 U.S.C. § 3142(e), there is a rebuttable presumption that defendant is a flight risk and a danger to the community based on the nature of the pending charges. This places a limited burden of production on the defendant. Application of the presumption in favor of detention is appropriate in this case.

(2) Defendant is a citizen and resident of Canada.

(3) Defendant has no ties to the Western District of Washington.

DETENTION ORDER
18 U.S.C. § 3142(i)
PAGE 1

15.13
Rev. 1/91

(4) Although weight of the evidence is the least important of the four factors set forth in 18 U.S.C. §3142(g), when defendant was arrested, she was the passenger that was used to transport MDMA, commonly known as ecstacy. A total of about 195,000 ecstacy pills were recovered from bags that fell out of the truck she was riding in or were subsequently recovered from her trip from Canada into the United States.

(5) After the bags containing the MDMA and the roof of the van fell off the vehicle, the defendant attempted to persuade her co-defendant to "dump the van" and to call a taxi to try to escape from the area. She also arranged for someone to pick them up in Bellingham.

(6) Defendant has no incentive to return to the United States to face charges, if released.

(7) There are no conditions or combination of conditions other than detention that will reasonably assure the appearance of defendant as required.

IT IS THEREFORE ORDERED:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 28th day of June, 2007.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge